*Northern Division*

No. 5605

**JOHN M. ROSE d b a
BASS ROCKS OIL COMPANY
v.
FRANCIS RYAN**

(May 21, 1962)

*Present*: Brooks, P.J., Eno & Connolly, JJ.

Case tried to *Harrington J.* in the District Court of Eastern Essex. No. 15956-60.

*Brooks, P.J.* This is a suit in contract for heating oil sold by plaintiff to defendant in which there is a balance admittedly due of $244.47.

Defendant filed a declaration in set-off alleging damage to his premises from plaintiff's negligence in filling the heating system with water which overflowed and damaged defendant's premises. The declaration in set-off also alleges that defendant in set-off accepted liability and agreed to pay damages

in consideration of the agreement of plaintiff in set-off not to take claim to court.

The case was tried twice. At the first trial a finding was made for plaintiff in the sum of $244.47 there being no dispute over the claim. On defendant's claim in set-off the court found against him on the ground of negligence in failing to shut off a valve which allowed water to escape and damage the premises. Extensive evidence was introduced bearing on his negligence and on the agreement by defendant in set-off to pay for the damage.

Defendant (plaintiff in set-off) filed a motion for a new trial which was allowed on the basis that new witnesses and evidence could be introduced to the benefit of defendant (plaintiff in set-off) together with additional evidence bearing on the issue of the agreement between the parties as alleged in the declaration in set-off.

At the second trial the only testimony offered was that of defendant (plaintiff in set-off) who testified as to the alleged agreement of defendant in set-off to reimburse him for the damage. It does not appear from the report that there was any evidence as to the nature or amount of the damage. Counsel for defendant in set-off asked only one question of plaintiff in set-off: "Whether or not his testimony was the same as that at the first trial?" to which plaintiff in set-off answered in the affirmative. No further evidence was offered by either party.

Plaintiff filed requests for rulings in the first trial which were later accepted by the court as applicable to the second trial. These, in view of our disposition of this case, need not be set forth.

The court made a written finding in which he found for plaintiff in the sum of $244.47 with costs. He found for defendant (plaintiff in set-off) in the following language: "The Court holds that all of the testimony in the first trial has been erased by the allowance of the motion for a new trial and such evidence has not been considered in arriving at a finding. The court, therefore, finds for the defendant (plaintiff in set-off) and assesses damages in the sum of $200.00 plus costs."

The court at the second trial was technically correct in ignoring the evidence introduced at the first trial with regard to the negligence of defendant (plaintiff in set-off) which caused the judge at the first trial to find against him. This left as the only evidence before him the testimony of plaintiff in set-off who testified to the alleged agreement of defendant in set-off to reimburse him for his damage. There is, however, nothing, either in the report or the judge's finding, to indicate how he arrived at the damages themselves. This, taken in connection with the complete reversal of the first finding on this aspect of the case, prompts us to vacate the finding except as to $244.47 concerning which there is no dis-

pute and to order a new trial only on the issue raised by the pleadings in set-off.

Merrill B. Morris, Gloucester, for the Plaintiff.
Gardner L. McDonald, Gloucester, for the Defendant.